IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,484-02






EX PARTE NEAL HAMPTON ROBBINS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 98-06-00750-CR(2) IN THE 410TH DISTRICT COURT


FROM MONTGOMERY COUNTY






 Per curiam.



O R D E R



 The clerk of the trial court transmitted to this Court this application for a writ of habeas
corpus. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted
of capital murder and sentenced to life imprisonment. The Ninth Court of Appeals affirmed the
judgment of conviction. Robbins v. State, 27 S.W.3d 245 (Tex. App.--Beaumont 2000). We
affirmed the judgment of the court of appeals. Robbins v. State, 88 S.W.3d 256 (Tex. Crim. App.
2002). Applicant then filed an application for a writ of habeas corpus pursuant to Article 11.07 of
the Code of Criminal Procedure. We denied relief. Ex parte Robbins, 360 S.W.3d 446 (Tex. Crim.
App. 2011).

 Applicant has now filed an application for a writ of habeas corpus pursuant to Article 11.073
of the Code of Criminal Procedure. He contends that he is entitled to a new trial pursuant to Article
11.073. We order that this application be filed and set for submission. The parties shall brief the
following issues: (1) whether Article 11.073 is a new legal or factual basis under Article 11.07, §
4(a)(1); (2) whether an "original application or a previously considered application," as set out in 
Article 11.073(c),(d)(2), means an application filed on or after September 1, 2013; (3) whether "the
scientific knowledge or method on which the relevant scientific evidence is based," as set out in
Article 11.073(d), applies to an individual expert's knowledge and method; (4) whether relevant
scientific evidence is "currently available and was not available at the time of the convicted person's
trial because the evidence was not ascertainable through the exercise of due diligence," as set out in
Article 11.073(b)(1)(A), if an expert witness for the State no longer stands by his opinion testimony
at trial and the jury heard testimony from the defense that is consistent with the State's expert's new,
post-trial opinion; (5) whether "changed," as set out in Article 11.073(d), applies to cases in which
an expert witness changes his opinion after trial; and (6) whether Applicant is entitled to relief under
Article 11.073(b). The parties shall brief these issues. The parties may also brief any other issue
they deem relevant to the construction of Article 11.073. Oral argument is requested.

 It appears that Applicant is represented by counsel. If that is not correct, the trial court shall
determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by
counsel, the trial court shall appoint an attorney to represent him. Tex. Code Crim. Proc. art 26.04. 
The trial court shall send to this Court, within 60 days of the date of this order, a supplemental
transcript containing: a confirmation that Applicant is represented by counsel; the order appointing
counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this Court within
90 days of the date of this order.

Filed: November 27, 2013

Do not publish